SAMUEL P. McLEOD ET AL. v. LEWIS E. MAGEE ET AL.

[50 South. 66.]

CHANCERY PLEADINGS AND PRACTICE. *Accounting. Decree. Credit not warranted by pleadings. Appeal.*

A decree rendered upon an accounting will be reversed on appeal where the appellee was allowed a credit for which the pleadings contain no warrant.

FROM the chancery court of Simpson county.

HON. JAMES L. McCASKILL, Chancellor.

Magee, appellee and cross-appellant, was complainant and cross-defendant in the court below; McLeod and wife, appellants and cross-appellees, and one Womack, an appellee and cross-appellant, were defendants and cross-complainants there. From a final decree upon the merits, unsatisfactory to all of the parties, McLeod and wife appealed, and Magee and wife and Womack separately prosecuted cross-appeals, to the supreme court.

The suit involved matters of accounting, wherein each of the several parties concerned admitted sundry items of indebtedness to the others and claimed sundry credits. There was much evidence taken in regard to a certain store account which Magee owed to the Mendenhall Mercantile Company, it being contended by McLeod and wife that Magee was due them $107 as a result of Magee's dealings with that company and the assignment of the account to them by the company, but the same was not presented by the pleadings in the case, nor was it shown that the McLeods had paid the mercantile company or received an assignment of the account from it. On the trial Magee objected to any consideration by the court below of this item of $107, claiming that it was irrelevant under the pleadings. The court below, however, gave credit in favor of the McLeods against Magee for the item, and, as between the

McLeods and Womack, rendered a decree, under the accounting, in favor of Womack against the McLeods for $262.88.

The suit also involved the question of the transfer by the McLeods to Womack, before its maturity, of a promissory note for $1,193 which had been executed in their favor by Magee, and which was endorsed to Womack without recourse. Partial payments had been made on the note by Magee before its assignment to Womack; and the amount for which the McLeods should have credit against Womack by reason of the payments on the note, was in dispute, but an agreement on this point was reached by the solicitors of record, as stated in the opinion.

*Hilton & Hilton,* and *Chalmers Alexander,* for appellants and cross-appellees, McLeod and wife.

It is contended for the appellants, McLeod and wife, that in the accounting between the McLeods and Womack the court below erred in allowing them a much less sum as credit against Womack than the face of the note. The note had been assigned to Womack without recourse, and appellants were entitled to credit to the full extent of the amount shown by the note to be due by Magee. *Bank of Holly Springs v. Pinson,* 58 Miss. 421.

*R. P. Willing,* for appellee and cross-appellant, Womack.

As between Womack and the McLeods the credit given on the note of Magee's in question was correct, although it was less than the face of the note. While it is true that the note was assigned by McLeod and wife to Womack without recourse, yet, the record distinctly shows that the McLeods expected to be credited, as against Womack, with just the true value of the note, which by reason of Magee's previous partial payments, was much less than its face value. In fact, the record shows an agreement to the effect that, when McLeod sold the note to Womack, he was to return to Womack such

sum as should, on accounting, be shown to have been paid in excess of the true balance of indebtedness due on the note by McLeod.

*May & Sanders,* for appellee and cross-appellant, Magee.

The decree of the court must be reversed for the reason that the court below erroneously held the appellee, Magee, to be indebted to McLeod and wife in the sum of $107. How the learned court could have so decreed is inexplicable, since the pleadings do not present any issue under which the question of Magee's liability to the McLeods could be adjudicated. *Porterfield v. Butler,* 47 Miss. 165. Furthermore, there is no satisfactory proof that the McLeods have paid the Mendenhall Mercantile Company for the note.

Argued orally by *R. P. Willing,* for appellee Womack, and *Geo. W. May,* for Magee, cross-appellant.

WHITFIELD, C. J., delivered the opinion of the court.

We have examined this case carefully, and simply note the results arrived at. On the direct appeal of the McLeods, the decree is affirmed, except as stated hereinafter. On the cross-appeal of Womack the decree is affirmed. Indeed, his counsel ask here for an affirmance against their own cross-appeal, recognizing that there is no merit in the cross-appeal. On the cross-appeal of Magee the decree is reversed as to the award of $107 against Magee in favor of the McLeods. This matter is not presented as an issue by the pleadings in this case at all, nor is there any satisfactory proof that the McLeods have actually paid the amount to the Mendenhall Company. There is a mistake in the final decree of $2 in the amount awarded by the chancellor to Womack against the McLeods. The amount should be $260.88, instead of $262.88.

The only serious contention of the appellants, the McLeods, is that the note was transferred by them to Womack without

recourse; but the record distinctly shows that it was agreed by counsel for both complainant and defendant that, if there was a less sum due than was paid by Womack, the difference should be returned to Womack. Indeed, the whole record shows that the McLeods insisted upon just the true amount of the note at the time of transfer being regarded.

The decree is therefore affirmed on the cross-appeal of Womack, and the decree on the direct appeal of the McLeods, with the modification just stated, of the $2, is also affirmed in all respects, and the decree on the cross-appeal of Magee is affirmed in all respects, save as to the item above mentioned of $107. As to that item this decree is reversed, and a judgment will be entered here in favor of Magee, relieving him of that item, and awarding him the costs of his cross-appeal as against the McLeods. A careful scrutiny of the conduct of Magee, as disclosed by the record, causes us to think the action of the chancellor correct in awarding the damages and one-half of the costs against him.

*Reversed.*